## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LINDA STALL ALCANTARA**                    **CIVIL ACTION NO.:**

**VERSUS**
                                             **JUDGE:**
**TRISURA SPECIALTY INSURANCE COMPANY and SINGULARITY GROUP, LLC**
                                             **MAGISTRATE JUDGE:**

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come defendant, Trisura Specialty Insurance Company and Singularity Group, LLC ("Defendants"), which file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court.

I.

On January 5, 2022, the plaintiff, Linda Stall Alcantara ("Plaintiff"), filed a personal injury lawsuit against the movers-Defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Docket Number 824-661, Division "G," entitled "*Linda Stall Alcantara versus Trisura Specialty Insurance Company and Singularity Group, LLC*" (*See* Petition for Damages attached hereto as Exhibit "A"). The lawsuit arises from an alleged motor vehicle accident which occurred on or about September 23, 2021 on Airline Highway in Jefferson Parish, Louisiana. (*Id*. at ¶ II).

II.

Service of citation and a copy of the petition were requested on Defendants through the Secretary of State of Louisiana and via Louisiana's long-arm statute (*Id.* at p. 3) on or about January 25, 2022.

III.

Thereafter, service of citation and a copy of the petition were served on Defendant, Trisura Specialty Insurance Company on February 3, 2022 via the Secretary of State (*See* Sheriff Return attached hereto as Exhibit B) and on February 1, 2022 via long-arm service (*See* Affidavit of Service attached hereto as Exhibit C).

IV.

Service of citation and a copy of the petition were served on Defendant, Singularity Group, LLC on February 3, 2022 via the Secretary of State (*See* Sheriff Return attached hereto as Exhibit D) and on February 1, 2022 via long-arm service (*See* Affidavit of Service attached hereto as Exhibit E).

V.

This removal is being filed within thirty (30) days of Defendants' receipt of the Petition for Damages pursuant to 28 U.S.C. § 1446(b)(1).

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

VI.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

2

## A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

### VII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  When the original petition does not, on its face, affirmatively reveal that the jurisdictional minimum is present, a removing defendant is not required to remove until it receives an amended pleading or other paper that make it "unequivocally clear and certain" that more than $75,000 is in controversy. *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210-12 (5th Cir. 2002). This rule is intended to "reduce 'protective' removals by defendants faced with an equivocal record" and to "discourage removals before their factual basis can be proven by a preponderance of the evidence [.]" *Id.*

### VIII.

Here, it is not facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  To wit, the petition is silent as to the amount of the complained-of damages, including whether the amount in controversy is greater or lesser than $75,000.00, exclusive of interest and costs. (*See generally* Exhibit "A").  Plaintiff likewise does not stipulate or aver therein that his cause of action does *not* exceed $75,000.00, exclusive of interest and costs. (*Id.*).

3

IX.

Based on "other papers," namely Plaintiff's surgical referral provided by Plaintiff, received by undersigned counsel for Defendant, it is apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

X.

On February 21, 2022, Defendant requested a stipulation as to damages for jurisdictional purposes. Plaintiff's counsel would not stipulate to damages above or below $75,000, however, on February 22, 2022, undersigned counsel for Defendants received Plaintiff's referral for a cervical fusion surgery (*See* Report from Dr. Jeremy James, attached as Exhibit "B"). Plaintiff is scheduled to undergo surgery on March 10, 2022. (*See* email from Plaintiff's counsel advising surgery is scheduled for March 10, 2022, attached hereto as Exhibit "C").

XI.

Plaintiff alleges injuries to her neck and back as a result of the subject accident. (*See* Exhibit "A" at ¶VI). Plaintiff medical record for treatment with Dr. Jeremy James reflects treatment and a future surgical referral for her aforesaid injuries resulting from the subject accident. According to the record, plaintiff's cervical MRI revealed disc bulges at C4-5-6-7 causing stenosis at C5-6-7. (Exhibit B at p. 4). plaintiff failed conservative management for her lumbar injuries including activity modification, prescription medication, medical management, formal physical therapy longer than 6 weeks and injections. (*Id.*). Based upon these failed treatments and plaintiff's ongoing pain and inability to perform activities of daily living, Dr. James recommended "and the patient has elected to undergo C4-5-6-7 ACDF." (*Id.*). In addition to the referral for cervical surgery, plaintiff's lumbar MRI, which was not provided but is referenced in Dr. James' report, revealed L4-5 spondylolistesis and L3-4 collapse. (*Id.*).

4

XII.

Spine injuries vary by severity, but they often produce general damage awards exceeding $75,000.00. Spinal injuries requiring surgery can produce general damage awards ranging from $200,000 up to several million dollars. *See*, *e.g.*, *Younce v. Pacific Gulf Marine, Inc.*, 01-546 (La. App. 5 Cir. 4/10/02); 817 So. 2d 255 ($200,000 in general damages awarded for anterior cervical fusions surgery with five to ten percent permanent spine impairment); *Broussard v. Stolt Offshore, Inc.*, 2007 WL 101041 (E.D. La. 2007) ($400,000 in general damages after three-level cervical fusion resulting in severe disability); *Chavers v. Travis*, 04-0992 (La. App. 4 Cir. 4/20/05); 902 So. 2d 389 ($250,000 in general damages to middle aged man who underwent two level cervical fusion and associated dorsal column stimulator; significant pre-existing cervical conditions).

Even when surgery is not required, spinal injuries can garner awards above $75,000. *See*, *e.g.*, *Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) ($80,000 general damage award for automobile accident causing moderate disc bulge and depression, with ongoing treatment); *Keller v. City of Plaquemine*, 96-1933 (La.App. 1 Cir. 9/23/97), 700 So.2d 1285, *writ denied*, 97-2635 (La. 1/16/98), 706 So.2d 977 ($125,000 award for disc herniation, persistent pain, surgery unlikely); *Duchamp v. State Farm Mut. Auto. Inc. Co.*, 05-339 (La.App. 3 Cir. 11/2/05), 916 So.2d 498, *writ denied*, 05-2505 (La. 3/31/06), 925 So.2d 1260 ($135,000 awarded for herniated disc causing continuous chronic neck pain with surgery not contemplated); *Hoyt v. Gray Insurance Company*, 00-2517 (La.App. 4 Cir. 1/31/02), 809 So.2d 1076, *writ denied*, 02-1222 (La. 6/21/02), 819 So.2d 343 ($150,000 general damage award for mild lumbar disc herniation, thoracic spine soft tissue injury); *Rico v. Sewerage and Water Bd. of New Orleans*, 04-2006 (La. App. 4 Cir. 3/8/06); 929 So.2d 143 ($150,000 awarded for cervical herniations, where the plaintiff was not a surgical candidate).

XIII.

Beyond seeking general damages for her aforementioned alleged bodily injuries, Plaintiff also seeks special damages for past, present, and future medical expenses, mental anguish and physical suffering, loss of enjoyment of life. (*See* Exhibit "A" at ¶ VI).

XIV.

Plaintiff's surgical referral and subsequent scheduled surgery demonstrate the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

XV.

Plaintiff's surgical referral and confirmation of scheduled surgery, received by undersigned counsel for Defendant on February 22, 2022, contained the first "unequivocally clear and certain" information supporting removal. See *Bosky*, 288 F.3d at 211.

XVI.

Moreover, as of the filing of this pleading, Plaintiff is unwilling to stipulate that her complained-of damages *do not* exceed $75,000.00, exclusive of interest and costs (*See* Exhibit "C" attached hereto). Furthermore, Plaintiff's petition asserts her claim exceeds the threshold amount of $50,000 entitle Defendant to a jury. Thus, Plaintiff has not stipulated that her cause of action does not exceed $75,000, exclusive of interest and costs, nor has she averred or offered a binding stipulation that she affirmatively renounces the right to accept judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al*., No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.).  Accordingly, Defendant shows to a degree of legal certainty that the amount in controversy for the claims of the Plaintiff in this matter exceeds this Honorable

Court's jurisdictional minimum of $75,000.00 for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

### B.     COMPLETE DIVERSITY EXISTS

XVII.

Defendant, Trisura Specialty Insurance Company, an Oklahoma corporation, is a foreign corporation incorporated outside of the State of Louisiana and is not a citizen of the State of Louisiana for purposes of diversity. Defendant, Singularity Group, LLC, a Texas company, is a foreign limited liability company incorporated outside of the State of Louisiana and is not a citizen of the State of Louisiana for purposes of diversity.

XVIII.

Based on his allegations in the petition, Plaintiff is a person of the full age of majority domiciled in Jefferson Parish, Louisiana and, therefore, is a citizen of the State of Louisiana for purposes of diversity. (*See* Exhibit "A" at introductory paragraph).

XIX.

There is complete diversity between the Plaintiff and the named Defendants.  As of the date of this removal, Plaintiff has not named any other parties as Defendants.

### II.  DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XX.

A citation and copy of the petition were reportedly served on Trisura Specialty Insurance Company on February 3, 2022 via the Secretary of State and on February 1, 2022 via long-arm service. Service of citation and a copy of the petition were served on Singularity Group, LLC on February 3, 2022 via the Secretary of State and on February 1, 2022 via long-arm service.

XXI.

This Notice of Removal was properly filed within thirty (30) days of Defendant's receipt of "other papers," namely Plaintiff's medical records produced (*see* Exhibits "C"), from which Defendants could first ascertain that the case is one which has become removable. 28 U.S.C. § 1446(b)(3); *Caterpillar*, 519 U.S. at 68-69; *Bosky*, 288 F.3d at 211.

XXII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff's alleged damages exceeds the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from all Defendants.

XXIII.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

XXIV.

No previous application has been made for the relief requested herein.

XXV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

## JURY DEMAND

XXVI.

Plaintiff did not expressly make a jury demand in her state court petition but did aver that damages exceed the threshold for a jury. (*See* Exhibit "A" at ¶ IX).  Defendants are entitled to and hereby request a trial by jury on all triable issues herein.

WHEREFORE, Defendants, Trisura Specialty Insurance Company and Singularity Group, L.L.C., pray that the action entitled, "*Linda Stall Alcantara versus Trisura Specialty Insurance Company and Singularity Group, LLC*" docket number 824-661, Division "G" and pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed from the said state court docket to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**PERRIER & LACOSTE, L.L.C.**

*/s/ Megan B. Jacqmin*

_____
**GUY D. PERRIER #20323**
**MEGAN B. JACQMIN #33199**
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
gperrier@perrierlacoste.com
mjacqmin@perrierlacoste.com
Tel:  (504) 212-8820
Fax:  (504) 212-8825
**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 28th day of February, 2022, at their last known address of record.

*/s/ Megan B. Jacqmin*

_____

**MEGAN B. JACQMIN, #33199**